```
                                                         CLERK'S OFFICE U.S. DIST. COURT
                                                              AT DANVILLE, VA
                                                                   FILED
                                                          for Roanoke
                                                              JUL 27 2007
         IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF VIRGINIA          JOHN F. CORCORAN, CLERK
                    ROANOKE DIVISION                   BY: /s/ M. Hupp
                                                              DEPUTY CLERK
```

| | |
|---|---|
| JOHN D. CARDOZA, SR., | ) |
|     Petitioner, | )    Civil Action No. 7:07cv00359 |
| v. | )    **MEMORANDUM OPINION** |
| DIRECTOR VIRGINIA | ) |
| DEPT. OF CORRECTIONS, | )    By: Hon. Jackson L. Kiser |
|     Respondent. | )    Senior United States District Judge |

John D. Cardoza, Sr., a Virginia inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2006 conviction for various marijuana-related charges. For the following reasons, I find that Cardoza has failed to exhaust his available state court remedies and, therefore, I must dismiss his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

## BACKGROUND

On January 25, 2005, Cardoza pled guilty, pursuant to a written plea agreement, to possessing in excess of five pounds of marijuana, transporting five pounds or more of marijuana, and conspiring to transport five pounds or more of marijuana. On May 4, 2006, the Campbell County Circuit Court sentenced him to a total of 15 years incarceration, with 3 years suspended. On April 12, 2007, Cardozo filed a state habeas petition in the Supreme Court of Virginia. On July 6, 2007, the Supreme Court of Virginia dismissed his petition as premature and without prejudice, indicating that he still "has the right to file a subsequent [habeas] petition" in that court. In his instant petition, filed July 20, 2007, Cardoza concedes that he currently has a direct appeal pending in the Supreme Court of Virginia.

## DISCUSSION

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner

---

[1] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."

has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider the claims. In Virginia, a non-death row inmate can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999).

In this case, it is clear that Cardoza's present claim has not been adjudicated by the Supreme Court of Virginia. In his petition, he concedes that his direct appeal is currently pending in the Supreme Court of Virginia and that, although he filed a state habeas petition, it was dismissed as premature and without prejudice. In fact, he explicitly states that, in dismissing his habeas petition, the Supreme Court of Virginia said that he still "has the right to file a subsequent [habeas] petition." Therefore, the court finds that he has failed to fully exhaust available state court remedies prior to filing the instant petition, as required by 28 U.S.C. § 2254(b). For this reason, I dismiss Cardoza's petition as unexhausted and without prejudice.

The petitioner is advised that he may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. The petitioner is also advised that his time to file a state or federal habeas petition is now limited. See 28 U.S.C. §

2244(d); Virginia Code § 8.01-654(A)(2).

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the petitioner.

**ENTER:** This 27th day of July, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge