Cardoza v. Director Virginia Department of Corrections | Doc. 5

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RHo
AUG 09 2007
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN D. CARDOZA, SR., <br> Petitioner, | Civil Action No. 7:07cv00359 |
| v. | **MEMORANDUM OPINION** <br> **AND ORDER** |
| DIRECTOR, VIRGINIA <br> DEPT. OF CORRECTIONS <br> Respondent. | By: Jackson L. Kiser <br> Senior U.S. District Court Judge |

This matter is before the court upon petitioner John D. Cardoza's motion to alter or amend judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. By order entered July 27, 2007, Cardoza's petition was dismissed for failure to exhaust his available state court remedies. Cardoza now argues that the court erred in stating that Cardoza's state court appeal is pending and that he still has state court remedies available to him. Upon review of the present motion, I conclude Cardoza is not entitled to relief under Rule 60(b).

Rule 60(b) permits the court to relieve a party from a final judgment, order, or proceeding for reasons of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Such relief is an extraordinary remedy and should only be invoked on a showing of exceptional circumstances. Dowell v. State Farm Fire and Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Additionally, the purpose of Rule 60(b) is not to rehash those issues which have already been addressed in an earlier ruling. CNF Constructors, Inc. v. Dohohoe Construction Co., 57 F.3d 395, 401 (4th Cir. 1995).

Cardoza has not alleged any of the factors listed in Rule 60(b) which would support granting relief. Rather, Cardoza now claims that although he stated in his federal habeas petition that he

1

currently had an appeal pending in state court, the appeal is actually based on the state court's denial of his motion to withdraw his guilty plea and to appoint counsel, and not based on his underlying convictions. He also claims that his ineffective assistance of counsel claim has already been adjudicated by the Supreme Court of Virginia. He states that he raised this claim in his state habeas petition, which was denied as premature. Although the Supreme Court of Virginia specifically stated in its opinion that he "has the right to file a subsequent [habeas] petition," Cardoza nevertheless argues that "rather than use up time in which to file a federal habeas corpus petition by resubmitting the state habeas petition, Petitioner decided to appeal the state court's ruling to the federal court." Because Cardoza's motion is "nothing more than a request that the ... court change its mind" with respect to its earlier decisions, "it is not authorized by Rule 60(b)." United States v. Williams, 674 F.2d 310, 313 (1982). Accordingly, I find that the petitioner is not entitled to relief under Rule 60(b).

Moreover, I find that Cardoza's petition was properly dismissed as unexhausted.[1] Cardoza concedes that his state habeas petition was dismissed as premature and without prejudice. Therefore, Cardoza can still bring his claim in a state habeas petition before the Supreme Court of Virginia.

---

[1] Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999). In Virginia, a non-death row felon can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §8.01-654(A)(1) and §17.1-411. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. If the court finds at any time that petitioner has not exhausted his state court remedies as to all the claims raised in a § 2254 petition, the court shall dismiss the petition without prejudice. Once he has exhausted state court remedies, the petitioner may re-file his federal habeas claims in a new petition, provided that he does so within the time limits set forth in 28 U.S.C. § 2244(d).

To the extent Cardoza is concerned about the timeliness of his petition, § 2244(d)(2) provides that periods of time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244(d)(1).[2]

Based on the foregoing, Cardoza's motion to alter or amend judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is **DENIED**.

The Clerk of the Court is directed to send certified copies of this Order to petitioner.

ENTER: This 9th day of August, 2007.

Senior United States District Judge

---

[2] The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A - D).